The plaintiff has brought suit in this matter by a two count complaint. The first count is directed against the defendant Finast Supermarket and the second count is directed against Pepsi-Cola. Each count alleges the same factual scenario as follows. Cans and or cases of Pepsi-Cola were stacked in a produce aisle as a display in the Finast Supermarket. The plaintiff attempted to retrieve a case of Pepsi-Cola from the display when a number of cans fell causing injury to the plaintiff. The allegations of negligence against each of the defendants are the same. The allegations are that the agents, servants and employees of each of the defendants were negligent in erecting, failing to warn, failing to inspect and allowing the dangerous condition to remain.
Based upon the allegations of the complaint and applying Tort II law, if the court or jury were to award a plaintiff verdict as the finder of fact it would have to apply C.G. Stat 52-572h(f) and specify:
 "the percentage of negligence that proximately caused the injury, death, or damage to property in relationship to one hundred percent that is attributable to each party whose negligent action were a proximate cause of the injury death or damage and . . . . . the percentage of such negligence attributable to the claimant."
By law the percentage of negligence as determined by the finder of fact attributable to each of the defendants means that the defendant pays only that percentage of the total damages and losses suffered by the plaintiff. CT Page 724
Absent any other contractual hold harmless agreement and or other such arrangement by and between the two defendants, the finder of fact, be it jury or judge, will determine the liability of each of the defendants to the plaintiff. Either defendant could be 100% liable or 0% liable or share the liability percentage wise between themselves and the plaintiff.
In the present case the defendant Finast Supermarket has cross claimed against the defendant Pepsi-Cola by a two count complaint. The first count alleges a claim in common law indemnification and the second count pursuant to Conn. Gen. Stat. 562-572h.
The defendant Pepsi-Cola has moved to strike the first count of the revised cross complaint seeking common law indemnification. The thrust of the defendant Pepsi-Cola's motion to strike is that Finast does not and cannot allege that Pepsi was in exclusive control of the premises (at the Finast Store) at the time of the plaintiff's injury, to the exclusion of Finast, which Finast claims is a necessary allegation for a legally sufficient claim of common law (active-passive) indemnification. Upon review of the cross claim the court notes the allegation that par. 5 alleges that, "at all times pertinent herein the co-defendant Pepsi exercised exclusive control over the placement and the providing of said containers of beverages at the locus of the plaintiff's alleged injuries." There are additional allegations that Finast had no knowledge of the negligence of Pepsi and relied on Pepsi to properly undertake its responsibility.
Finast answers the motion to strike citing Kaplan v. Merberg Wrecking, Corp. Conn. 405, 406 that there is no requirement that exclusive control of the premises be alleged and proven but that "the party from whom indemnification is sought was in control of the situation to the exclusion of the party seeking indemnification." (emphases added.) The court concludes that that is what the 1965 Kaplan case indeed holds.
Conn. Gen. Stat. 52-572h which governs negligence actions and liability of multiple tortfeasors occurring on or after October 1, 1987 already addresses this aspect of the defendant Finast's liability at the level of the initial claim of the plaintiff against the defendant Finast. If Finast had no control of the situation nor knowledge of Pepsi's negligence then the law would not allow recovery against that defendant. CT Page 725
The first count of the cross claim is legally insufficient. Motion to strike is granted.
WALSH, JOHN, J.